| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|:---:|:---:|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

| Case No. | **CV 10-9934-JFW (SHx)** | Date: January 21, 2011 |
|---|---|---|

Title:        Suwit Pannoi -v- Equable Ascent Financial, LLC

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

|  **Shannon Reilly** | **None Present** |
|---|---|
|  **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**        ORDER REMANDING ACTION TO LOS ANGELES
                                                                  COUNTY SUPERIOR COURT

    On November 24, 2010, Plaintiff Suwit Pannoi ("Plaintiff") filed a Complaint against Defendant Equable Ascent Financial LLC ("Defendant") in Los Angeles County Superior Court.  On December 27, 2010, Defendant filed a Notice of Removal of Action ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Defendant fails to meet its burden in demonstrating that removal is proper.  Although Defendant alleges that Plaintiff asserts a claim arising under 15 U.S.C. § 1692, Plaintiff's Complaint contains no reference to 15 U.S.C. § 1692.  Indeed, Plaintiff merely claims:  "Defendant is liable for not notifying consumer of a debt and not providing validation for their claims.  After continued silence and failure to provide any proof of debt, defendant continues to maintain record of their collection under plaintiff's name."  Complaint, ¶ 3.

Initials of Deputy Clerk   sr

Based on the allegations in the Complaint, the Court cannot conclude that Plaintiff has actually alleged a claim pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692. Instead, Plaintiff may be asserting a claim exclusively under California law. Absent an indication within the "four corners" of Plaintiff's Complaint, or additional facts alleged in the Notice of Removal indicating that Plaintiff has asserted a federal claim, Defendant has failed to meet its burden to establish that this Court possesses subject matter jurisdiction over this action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  sr